829 F.2d 1119
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Kenneth GEYER, Plaintiff-Appellant,
v.
H. Victor MILLNER, Jr.; Andrew W. Todd; Clarence Edmonds;
James F. Ingram; B.A. Davis, Defendants-Appellees.
 No. 87-2534.
 United States Court of Appeals, Fourth Circuit.
 Argued July 29, 1987.
Decided Sept. 14, 1987.
 
 John Philip Flanner, II for appellant.
 Robert Lee Yancey, Glenn W. Pulley (Clement & Wheatley, on brief), Guy Winston Horsley, Jr., Senior Assistant Attorney General (Robert C. Wood, III, Edmunds & Williams, on brief), for appellees.
 Before HARRISON L. WINTER, Chief Judge, and MURNAGHAN and SPROUSE, Circuit Judges.
 PER CURIAM:
 
 
 1
 Kenneth Geyer appeals from the district court's dismissal of his 42 U.S.C. Sec. 1983 action against H. victor Millner, Jr., Andrew W. Todd, Clarence Edmonds, James F. Ingram, and B.A. Davis. We affirm.
 
 
 2
 Geyer is a landowner in Pittsylvania County, Virginia. At the time Geyer filed his action, Millner was attorney for the Town of Chatham, Virginia, and the Pittsylvania County Service Authority (PCSA). Todd was Mayor of Chatham and Edmonds was Executive Director of the PCSA. Ingram and Davis were circuit judges for the 22nd Judicial Circuit of the Commonwealth of Virginia, sitting in Danville, Virginia, and Chatham, Virginia, respectively.
 
 
 3
 This controversy arose from the Town of Chatham's and the PCSA's efforts to construct a sewer pipeline that crossed real estate belonging to Geyer. As part of his attempts to prevent the sewer line, Geyer filed a criminal complaint against the contractor who was constructing the sewer line. The criminal complaint alleged that the contractor had violated provisions of the Virginia Code that require notice to the governing body of a county sixty days prior to commencing construction of a sewer system.[1] Based on Geyer's allegations, a magistrate issued a summons against the contractor.
 
 
 4
 On May 21, 1985, the day after Geyer's initial complaint, Millner, Todd, and Edmonds applied to Judge Ingram for a preliminary injunction prohibiting Geyer or his agent from prosecuting the pending criminal misdemeanor complaint or from filing any additional criminal complaints. Without prior notice to Geyer, Judge Ingram granted the ex carte temporary injunction for a period of sixty days. Geyer then petitioned Judge Ingram to dissolve the injunction and requested a copy of the bill of complaint. Judge Ingram referred the matter to Judge Davis, who held a hearing and affirmed the temporary injunction. Geyer did not appeal either Judge Ingram's initial granting of the injunction or Judge Davis' refusal to dissolve the injunction. Geyer next petitioned Judge Davis for an injunction prohibiting the Town of Chatham from constructing the sewer project. After a hearing, Judge Davis denied Geyer's petition. Again, Geyer did not appeal the determination.
 
 
 5
 On May 1, 1986, Geyer filed this Sec. 1983 action seeking damages, attorney's fees, and declaratory relief. Geyer alleged that in seeking and granting the ex parte injunction, the defendants denied him his first amendment right of access to the courts of criminal jurisdiction and also violated his fifth and fourteenth amendment rights. All five defendants moved to dismiss the complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. After a hearing, the district court granted the defendants' motions to dismiss, holding that Geyer's Sec. 1983 action was barred by res judicata. The court examined Geyer's complaint and determined that he was simply challenging the state judges' decisions granting and refusing to dissolve the injunction, which had become final by virtue of Geyer's failure to appeal. The district court concluded that under Virginia law, Geyer would have been precluded from maintaining a similar action in a state court of Virginia. The court reasoned that Geyer was likewise precluded from maintaining the Sec. 1983 action in federal court, citing Migra v. Warren City School District Board of Education, 465 U.S. 75, 81 (1984), and Mears v. Town of Oxford. Maryland, 762 F.2d 368, 371 (4th Cir.1985). We agree and affirm on the well-reasoned decision of the district court. Geyer v. Millner, C.A. No. 86-0044-D (W.D.Va. Feb. 3, 1987).
 
 
 6
 AFFIRMED.
 
 
 
 [1]
 Va.Code Sec. 15.1-326. Other statutory provisions make each day that construction proceeds without the required notice a separate offense and classify violations as misdemeanors. Va.Code Secs. 15.1-331 and 15.1-332. Geyer contends that the purpose of the statutes is to inform the public and landowners such as he and thereby give them the opportunity to oppose sewer construction projects